UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60468-SINGHAL/VALLE

MICHAEL RIVERA,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

THIS CAUSE is before the Court upon Plaintiff's Application to Proceed in Forma Pauperis Without Prepaying Fees or Costs (ECF No. 3) (the "Motion"). U.S. District Judge Raag Singhal referred the action to the undersigned to dispose of all non-dispositive motions, and issue a report and recommendation on dispositive motions. (ECF No. 6). The Court has reviewed the Motion, which is submitted under penalty of perjury by Plaintiff, pursuant to 28 U.S.C. § 1915, and is otherwise duly advised in the premises. Accordingly, for the reasons set forth below, the Motion is **DENIED**.

**I.    LEGAL STANDARD**

The Court may authorize the commencement of an action without prepayment of fees if the claimant "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

"When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Id*. at 1307 (alteration in original) (citation omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x. 916, 917 (11th Cir. Sept. 9, 2014).

## II.   DISCUSSION

A review of the Motion reveals that Plaintiff and his spouse have sufficient monthly income and assets to pay the requisite filing fee while still providing for their household necessities.[1] Specifically, Plaintiff's spouse's monthly income over the last 12 months is $4,700 and is expected to remain the same for the next month. (ECF No. 3 at 1). Plaintiff's spouse also has $750 in a checking account and owns a car valued at $6,000. *Id*. at 3. Further, although the family's monthly expenses (of approximately $5,230) exceed the monthly income (of $4,700), some of the listed expenses may be discretionary expenses rather than necessities. For example, Plaintiff has listed expenses for laundry and dry cleaning ($100), transportation ($100), and recreation/entertainment/newspapers/magazines ($50). *Id*. at 4.

Moreover, based on their monthly income, Plaintiff's family is well above the poverty level.[2] Plaintiff's spouse is also able to borrow money as indicated by the monthly car and credit

---

[1] Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs. *Sutton v. Colvin*, No. 3:16-CV-886-J-34MCR, 2016 WL 7971445, at *1 (M.D. Fla. July 26, 2016), *report and recommendation adopted*, 2016 WL 4431601 (M.D. Fla. Aug. 22, 2016).

[2] The current poverty level for a family of four is $26,500. https://aspe.hhs.gov/2021-poverty-guidelines#threshholds (last visited Mar. 15, 2021). Plaintiff's annual household income, however, is approximately $56,500 ($4,700 X 12 months).

card payments of $391 and $200, respectively.  *Id.* at 4.  Against this illustrative list of income/assets and expenses, Plaintiff has not established why taxpayers should fund his lawsuit.  *See, e.g., Sutton v. Colvin*, No. 3:16-CV-886-J-34MCR, 2016 WL 7971445, at *2 (M.D. Fla. July 26, 2016), *report and recommendation adopted,* No. 3:16-CV-886-J-34MCR, 2016 WL 4431601 (M.D. Fla. Aug. 22, 2016) (denying IFP where plaintiff's income and assets demonstrated ability to pay the filing fee).  Here, it appears that Plaintiff and his spouse can provide for household necessities and still pay the filing fee associated with this action without undue hardship.  *See, e.g., Sutton*, 2016 WL 7971445, at *2; *Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *1 (N.D. Ga. Mar. 5, 2019) (denying plaintiff's IFP application where record revealed that plaintiff could pay the filing fee without foregoing the basic necessities of life).

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Application to Proceed in Forma Pauperis Without Prepayment of Fees or Costs (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.  Within sixty (60) days from the date of this Order, Plaintiff must pay the requisite filing fee.  Failure to timely pay the filing fee may result in dismissal of the action by the District Judge without further notice.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on March 16, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record